IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT ZELINSKY, JEFF LOUGHNER, on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 08-684 |
| vs. | ) ) | |
| STAPLES, INC.; and DOES 1 through 10, inclusive, | ) ) | |
| Defendants. | ) ) ) | |
| AMBROSE, Chief District Judge | ) | |

**OPINION AND
ORDER OF THE COURT**

<u>**Synopsis**</u>

Plaintiffs Robert Zelinsky and Jeff Loughner, on behalf of themselves and others similarly situated, commenced this class action in the Court of Common Pleas of Allegheny County alleging that Defendant Staples, Inc. ("Staples") failed to pay minimum wage and/or overtime in violation of Pennsylvania's Minimum Wage Age Act of 1968, 43 Pa.C.S.C. § 333.101 *et seq.* (the "PMWA"), as well as common law claims for quantum meruit and unjust enrichment.  Defendant removed the action to this Court pursuant to 28 U.S.C. § 1332(a), and has now moved to strike Plaintiffs' class action allegations and to dismiss Plaintiffs' state law claims for overtime under the PMWA and common law claims for unjust enrichment and quantum meruit.  For the reasons set forth below, I deny Defendant's motions in their entirety.

**I. Applicable Standards**

In deciding a motion to dismiss under Fed R. Civ. P. 12(b)(6), all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff. Haspel v. State Farm Mut. Auto. Ins. Co., 2007 WL 2030272, at *1 (3d Cir. July 16, 2007). "The issue is not whether the plaintiff will prevail at the end but only whether [she] should be entitled to offer evidence to support [her] claim." Williams v. Sebek, 2007 WL 790386, at *1 (W.D. Pa. Mar. 14, 2007) (citing Neitzke v. Williams, 490 U.S. 319 (1989)).

## II. Background

Plaintiffs Zelinsky and Loughner were employed by Defendant Staples as "Assistant Mangers" at Defendant's stores in Pennsylvania. (Complaint [Docket No. 1], at ¶¶ 30-31.) Plaintiffs bring this class action on behalf of themselves and all other employees classified by Staples as "Assistant Managers," "Operations Managers" and/or "Sales Managers" and who are or were employed by Staples in retail stores located in Pennsylvania. (Id. at ¶4.) Plaintiffs allege that Staples improperly classified these categories of employees as salaried, managerial employees exempt from Pennsylvania state minimum wage and overtime requirements, when in reality these employees spend more than 50% of their time performing non-managerial or hourly functions, such as assisting customers, stocking shelves and working a cash register. (Id. at ¶¶ 10, 17.) Plaintiffs further allege that they frequently worked in excess of 40 hours per week without additional compensation, in violation of the Pennsylvania Minimum Wage Age (Id. at ¶ 48.). Plaintiffs seek a declaratory judgment, an order certifying the class action, imposition of a constructive trust, compensatory and punitive damages, and any other appropriate statutory remedies.

2

## III. Defendant's Motion To Strike

Defendant's motion to strike Plaintiffs' class action allegations is based on the argument that the federal Fair Labor Standards Act, 28 U.S.C. § 201 *et seq.* (the "FLSA"), preempts class actions for violations of comparable state wage laws. As a corollary to this argument, Defendant posits that, since the FLSA permits only opt-in class certification for claims brought under the FLSA, permitting an opt-out class action under state wage law violates the Rules Enabling Act. Finally, Defendant argues that class relief is not available because Plaintiffs cannot satisfy the superiority requirement of Fed. R. Civ. P. 23. I will address each of these arguments in turn.

### A. Federal Preemption

By statute, actions brought under the FLSA are collective actions, and "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. §216(b).[1] Such actions are frequently referred to as "opt-in" actions. The United States Supreme Court has recognized the dual purposes of section 216(b): "to limit private FLSA claims to those affirmatively asserted by affected employees in their own right" and to "free employers of the burden of representative actions." Ellis, 527 F. Supp.2d at 451 (quoting Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165, 173 (1989)).

By contrast, state law wage claims may be brought as representative class actions either under Pennsylvania procedural rule Pa.R.C.P. § 1701 *et seq.* or, if removed, under Federal Rule of Civil Procedure 23, both of which require class members expressly to "opt-out" of the action if

---

[1]This language was contained in the Portal-to-Portal Act of 1947, which amended the FLSA's prior language permitting representative class actions. Ellis v. Edward D. Jones & Co., 527 F. Supp.2d 439, 447 (W.D. Pa. 2007).

they do not wish to be bound by its adjudication and/or settlement.  As Plaintiffs correctly point

out, Pennsylvania courts have long-recognized the appropriateness of representative class actions

for violations of state wage laws:

> [S]eparate actions by various class members for Sunday, overtime and holiday pay
> could, as a practical matter, confront appellee with incompatible standards of
> conduct in compensating for essentially identical work if the courts happened to
> differ in their decisions.  From the employees' standpoint, an adverse decision on
> a separate action might needlessly deter other employees from asserting
> meritorious claims, which might then be lost to the statute of limitations. . .
> .Requiring the litigation to proceed as separate actions might effectively preclude
> those with the smallest claims from proceeding at all.  If the underlying claim is
> meritorious, this circumstance could unfairly result in unjust enrichment to
> appellee and deprivation to many potential class members.

Haft v. United States Steel Corp., 451 A.2d 445, 449-50 (Pa. Super. Ct. 1982).  The Third Circuit

has stated that "mandating an opt in [sic] class or opt-out class is a crucial policy decision," and

that "the distinction between opt-in and opt-out classes is crucial."  Burkhart-Deal v.

Citifinancial, Inc., 2008 WL 2357735, at *2 (W.D. Pa. June 5, 2008) (quoting De Asencio v.

Tyson Foods, Inc., 342 F.3d 301, 310 (3d Cir. 2003)).

In Ellis, various state law claims for overtime by different plaintiffs in different

jurisdictions against a single employer were consolidated with an FLSA claim against that

employer and transferred to this District.  My colleague, Judge Gibson, held that the FLSA's opt-

in provision preempted the plaintiffs' right to assert state wage law class action claims in the

same action, and dismissed the parallel state claims.  Id. at 452.  "Allowing Plaintiffs to

circumvent the FLSA opt-in requirement and bring unnamed parties into federal court by calling

upon state statutes similar to the FLSA would undermine Congress's intent to limit these types of

claims to collective actions.  Indeed, allowing both the state law and FLSA claims to proceed in

the same action would essentially nullify Congress's intent in crafting Section 216(b) and eviscerate the purpose of Section 216(b)'s opt-in requirement." Id. at 451-52 (citations and internal quotations omitted).

In Burkhart-Deal, 2008 WL 2357735, at *2, I followed the reasoning of Ellis, and adopted its holding in a similar context, dismissing the plaintiff's state wage law class action claims that were identical to her collective FLSA claims. As I explained, "[b]ecause of the identity of claims, to permit a mirror-image Rule 23 class to proceed alongside an FLSA collective action would not only nullify Congress' mandate, but also disregard the crucial nature of its choice." Id. While I did not expressly hold that the plaintiff's state law claims were preempted, I did conclude that "the inherent incompatibility of Plaintiff's FLSA claims and state law class claims, in this particular case, require dismissal of the state law class claims." Id.

However, the case before me now presents a different scenario. Here, Plaintiffs asserted class claims for violations of Pennsylvania state wage laws in Pennsylvania state court. The Complaint did not include any federal FLSA claims. Defendant removed the action to this Court. Meanwhile, another set of plaintiffs, albeit represented by the same plaintiffs' attorney herein, commenced a FLSA collective action against Defendant in a different forum, the District of Connecticut. A different law firm represents a class of plaintiffs employed by Defendant as sales managers in a certified collective action in the District of New Jersey. (Def. Mem. at 1-2.) There is nothing in the record before me to indicate whether Plaintiffs herein have also "opted-in" to either of the FLSA actions. In the context of these facts, Defendant argues that the FLSA completely preempts all class actions under state law where the remedy sought falls within the provisions of the FLSA. (Def. Mem. at 2, 6.) As explained below, this argument represents a

5

giant step forward from the precedent of this Circuit, and one I am not now willing to take.

For instance, the holding in Ellis - upon which Defendant relies greatly, if not exclusively - was expressly limited to actions where dual FLSA and state wage class claims were asserted. 527 F. Supp.2d at 452 ("In light of the policies that underlie the FLSA; Congress's clear intent to further those policies. . .through 29 U.S.C. § 216(b); and the total negation of those policies that would occur if the Court were to allow Plaintiffs to pursue state law overtime remedies under Fed.R.Civ.P. 23 and FLSA opt-in remedies *in the same action*, the Court finds that Plaintiffs' parallel state claims must be dismissed." (emphasis added)).  The court in Ellis expressly did *not* hold that the FLSA was the sole remedy available to plaintiffs seeking to enforce rights which fall within its provisions.  527 F. Supp.2d at 449 ("The present case does not require the Court to decide whether the FLSA is the sole remedy for enforcement of the rights guaranteed by the FLSA, and the Court declines to do so.")

More significantly, the Third Circuit in De Asencio v. Tyson Foods, Inc., 342 F.3d 301 (3d Cir. 2003), recognized the right of plaintiffs to request class certification on state wage claims in state court, despite a pending FLSA collective action in federal court.  In De Asencio, the plaintiffs gained certification of an opt-in class under the FLSA and then sought certification of a Rule 23 opt-out class with respect to their claims under the Pennsylvania Wage Payment and Collection Law ("WPCL").  342 F.3d at 304-05.  The opt-in FLSA class, when closed, consisted of 447 current and former employees. The District Court for the Eastern District of Pennsylvania granted the Rule 23 certification, resulting in an opt-out class of approximately 4,100 persons, including 700 hired after notice was sent to the FLSA class.  Id. at 305.  The defendant appealed the certification as well as the District Court's grant of supplemental jurisdiction over the state

6

law class claims. Id. at 305.

The Third Circuit reversed the District Court's grant of supplemental jurisdiction, holding

that, given the size of the respective classes, the state law claims would predominate over the

federal claims and should be dismissed. In contemplating this outcome, the Third Circuit

explained that "[w]ere supplemental jurisdiction not to obtain, and assuming the statute of

limitations has not run, plaintiffs could file the WPCL action in state court and request an opt-out

class on behalf themselves and 'other employees similarly situated.' 43 P.S. § 260.9a(b)." Id. at

310. The Third Circuit further instructed that "[o]ur decision does not necessarily preclude the

exercise of supplemental jurisdiction where all plaintiffs with state law claims have opted into

the FLSA class." Id. at 312 n.18.

I take the Third Circuit's opinion in De Asencio as instructive in two ways. First, the

Third Circuit expressly noted the right of plaintiffs to assert FLSA collective claims in federal

court and state wage law class claims in state court. This reasoning is consistent with my opinion

in Burkhart-Deal, where I dismissed the state claims as inappropriately asserted jointly with the

FLSA claims, albeit noting that, according to De Asensio, the "[p]laintiffs would have been able

to file a separate lawsuit - albeit not in the same district – solely on the basis of the state law

claims." 2008 WL 2357735, at *2 n.6. Second, the Third Circuit indicated that *identical*

plaintiffs may be able to bring both class claims under state wage laws as well as opt-in to federal

FLSA collective claims in the same action.

Given these scenarios contemplated by the Third Circuit, and given the limited holding in

Ellis, I cannot find as a matter of law that FLSA collective actions preempt all state wage law

class action claims, including where the state claims are asserted in state court by the same

7

plaintiffs bringing an FLSA collective action in federal court. Here, Plaintiffs' state class action claims are further attenuated, since these Plaintiffs are not a party to a federal FLSA action.

As I have previously discussed, the decision to authorize an opt-in versus opt-out class represents substantive policy. However, in the context of this action, that argument does not necessarily support Defendant's preemption argument. In the sixty years since Congress mandated opt-in collective actions under the FLSA, both Congress and state legislatures have had ample time to clarify whether the FLSA collective action statute was intended to completely preempt state law class actions. That neither has chosen to do so indicates to me that Congress or the States or both intend to continue permitting class actions as a remedy for violations of state wage laws. And, indeed, there are legitimate policy reasons for such a decision. It has been repeatedly noted by courts and commentators that employees may be loath to identify themselves as opt-in or named plaintiffs in wage actions for fear of retaliation from the employer. See, e.g., Damassia v. Duane Reade, Inc., 2008 WL 2201469, at *11 (S.D.N.Y. May 27, 2008) ("Indeed, it may be in the wage claim context, the opt-out nature of a class action is a valuable feature lacking in an FLSA collective action, insofar as many employees will be reluctant to participate in the action due to fears of retaliation.") (citations omitted); Scott v. Aetna Svcs., Inc., 210 F.R.D. 261, 267 (D. Conn. 2002) (noting "the evidence that potential class members failed to join the FLSA action because they feared reprisal"); Labor's Wage War, 35 Fordham Urban Law Journal 373, 387 (February 2008) ("For several reasons, including fear of reprisal and an unwillingness to act, individuals typically do not respond to notices of collective action by taking affirmative steps to opt-in or opt-out of class action lawsuits."); "Lawyers in Demand for Wage-and-Hour Lawsuits," 43 Trial 14, 16 (December 2007) (noting employment lawyer's explanation

8

that "[t]he opt-in rate tends to decrease the farther down the employment scale the worker is. .

.because lower-ranking workers are more likely to fear job loss and other forms of retaliation.");

*cf.* Sanft v. Winnebago Indus., Inc., 214 F.R.D. 514, 524 (N.D. Iowa 2003) (compiling cases

holding that Rule 23 numerosity requirement satisfied because, where some class members are

still employed by the defendant, "concern regarding employer retaliation or reprisal renders

individual joinder less practicable"); Slanina v. William Penn Parking Corp., 106 F.R.D. 419,

424 (W.D. Pa. 1984) (certifying class in employment discrimination action where "Plaintiffs

have indicated fears of reprisal and retaliation from the Defendants should the Plaintiffs be

forced to pursue this matter individually).[2]

Accordingly, I do not find that Plaintiffs' state wage law class action is preempted by the

FLSA, and I deny Defendant's motion to strike on this basis.

## B. Rules Enabling Act

Defendant further argues that "Plaintiffs' attempt to represent an opt-out class action on

behalf of similarly situated individuals violates the Rules Enabling Act." (Def. Mem. at 9.)

Once again, Defendant's argument is beyond the bounds of precedent.

The Rules Enabling Act grants the Supreme Court the power to promulgate rules of

practice and procedure in the federal courts, but states that "[s]uch rules shall not abridge,

enlarge, or modify any substantive right." 28 U.S.C. § 2072 (b). In Ellis, the sole authority

relied upon by Defendant in support of this argument, the court agreed generally with

Defendant's proposition herein, but limited its holding to so-called "hybrid actions" involving

---

[2]This rationale is bourne out by the facts in De Asensio, in which the opt-in class was
significantly smaller than the proposed opt-out class.

9

both collective FLSA claims and state law class action claims. See, 527 F. Supp.2d at 460 ("Since Congress did create substantive rights under the FLSA, and since Rule 23 abridges and modifies those rights to the point of extinction, the Court find that the [Rules Enabling Act] prohibits the prosecution *in the same action* of state law minimum wage and overtime class actions under Fed.R.Civ. P. 23 and collective actions under the FLSA, where the state law claims merely parallel those made under the FLSA.")(emphasis added.)  Moreover, even in that limited context, many district courts have expressed their disagreement with the holding in Ellis.  See, e.g., Osby v. Citigroup, Inc., 2008 WL 2074102, at *4 (W.D. Mo. May 14, 2008) ("As Plaintiff correctly notes, the only courts that have addressed the argument that the Rules Enabling Act prohibits Rule 23 state law wage claims to be brought with FLSA collective actions have uniformly and squarely rejected it.") (citations omitted.); Damassia v. Duane Reade, Inc., 2008 WL 2201469, at *12 (S.D.N.Y. May 27, 2008) (rejecting the "counter-intuitive" reasoning in Ellis).  Because Ellis is distinguishable on its facts from the action before me, which does not involve both FLSA and state wage and overtime claims filed in federal court, I need not determine whether I agree or disagree with Ellis on this issue.

On the facts before me, I do not find that Plaintiffs' state law class wage claims violate the Rules Enabling Act.  Significantly, I note that the action was initially commenced in Pennsylvania state court, and then was removed to this Court by the Defendant, thereby causing Rule 23 to come into play.  However, since there is no FLSA collective claim asserted by Plaintiffs, as a matter of law there can be no conflict herein between Rule 23 and the opt-in provision of the FLSA.  As one court noted, rejecting the defendant's argument against class certification of state wage claims: "This argument is non-sensical because, once again, plaintiffs

have not filed a collective FLSA action. . . ." Acosta v. Scott Labor LLC, 2006 WL 27118, at *5

(N.D. Ill. Jan. 3, 2006).  Accordingly, I deny Defendant's motion to strike on this basis.

### C. The Superiority Requirement

In order to obtain Rule 23 class certification, a plaintiff must demonstrate, *inter alia*, that

"a class action is superior to other available methods for fairly and efficiently adjudicating the

controversy."  Fed. R. Civ. P. 23(b)(3) (West 2008).  Defendant argues, without citation to

authority, that, given the conflict between the FLSA's opt-in procedures and the state wage

claim's opt-out class, a Rule 23 class action with respect to the state claims is not the superior

method for adjudicating those claims.  (Def. Mem. at 10-11.)  Defendant further expresses its

concerns that, if the opt-out class is permitted on the state claims, any rulings herein will

constitute res judicata and/or collateral estoppel with respect to the Connecticut and/or New

Jersey FLSA actions. (Id.)

I disagree with Defendant's argument in two respects.  First, as I previously stated in

Point III(A) above, and as Plaintiff correctly points out, Pennsylvania courts have recognized

class actions as an appropriate format for litigating state wage law claims.  In addition, where, as

here, plaintiffs assert class claims in state courts, which are then removed by defendants to

federal courts, courts that have considered the issue have found defendants' superiority

arguments unpersuasive.  See, e.g., Sorensen v. CHT Corp., 2004 WL 442638, at *11 (N.D. Ill.

Mar. 10, 2004); Acosta v. Scott Labor LLC, 2006 WL 27118, at *5 (N.D. Ill. Jan. 3, 2006).

In Sorensen, the plaintiff asserted in Illinois state court an individual claim under the

FLSA and sought class certification of state class wage claims.  The defendant removed the

action to federal court and sought to dismiss the state class claims, arguing that an FLSA

11

collective action is a superior method of adjudication. Id. at *11. The district court rejected the

defendant's argument:

> Neither party disputes that [the plaintiff] Kim's sole avenue for
> representing a class under the FLSA is the opt-in procedure set
> forth in § 216(b). They disagree, however, whether Kim is
> required to pursue an FLSA collective action - an issue that has
> not been addressed in the courts - and, if so, whether class
> certification on her state claims remains viable. Kim argues that
> she is the 'master' of her complaint and cannot be forced to plead
> an FLSA collective action. Defendants insist that Kim cannot
> avoid the FLSA's exclusive class mechanism by 'strategically
> modifying her pleading technique' to exclude such a claim.

The court acknowledged - as has this Court - that permitting opt-out class actions of state law

wage claims might subvert the Congressional intent behind FLSA's collective action provision

but also recognized that Illinois courts - like Pennsylvania courts - have contemplated class

action treatment for state wage law claims. Id. Given this dichotomy, the court held that plaintiff

was entitled to seek class certification of her state law wage claims. Id.

> Thus, permitting Defendants to remove Kim's state law claims to this court and
> object to class action treatment of those claims arguably subverts the rights of
> unnamed class members. As noted, Rule 23(b)(3) requires that a showing that "a
> class action is superior to other available methods for the fair and efficient
> adjudication of the controversy." An FLSA collective action is certainly available
> to Kim, but the running of the statute of limitations with respect to all other class
> members may render it unavailable to them. . . .The court therefore is not prepared
> to assume that the FLSA collective action is a superior method of adjudication.

Id.; see also, Acosta, 2006 WL 27118, at *5 ("a defendant's removal of a state class action

significantly diminishes the merits of its challenge to the superiority of class certification under

Rule 23(b)(3)); Riddle v. Nat'l Sec. Agency, Inc., 2007 WL 2746597, at *9 (N.D. Ill. Sept. 13,

2007) ("the defendant's removal of what may potentially be a state class action has been

considered a significant factor in determining whether the class mechanism is a superior method

12

of adjudication").

Absent guidance within this Circuit, I agree with the reasoning of the district court for the Northern District of Illinois on this issue. While I have recognized the conflict between section 216(b)'s opt-in requirement and state precedent permitting class actions on state wage law claims, I find that Plaintiffs, having chosen state court as their forum, and having not filed an FLSA claim, are not required by the superiority prong of Rule 23(b)(3) to abandon their state wage law class action in favor of a collective FLSA claim. Accordingly, I deny Defendant's motion to strike grounded on the superiority requirement of Rule 23.

## IV. Defendant's Motion To Dismiss

Defendant has moved to dismiss Plaintiffs' state law claims to the extent they seek to recover overtime pay under the PMWA, as well as Plaintiffs' claims under Pennsylvania common law for unjust enrichment and quantum meruit. For the reasons set forth below, I deny Defendant's motion to dismiss in its entirety.

### A. Overtime Claims Under The PMWA

Defendant argues in Point IV, (Def. Mem. at 10-12), that Plaintiffs have alleged only a failure to pay overtime, and that no private right of action exists under the Pennsylvania Minimum Wage Act based on an employer's failure to pay overtime. Defendant seeks dismissal of Plaintiffs' action to the extent it seeks to recover unpaid overtime.

Defendant has failed to cite any authority in support of its argument that no private right of action exists to recover unpaid overtime under the PMWA. I note the plethora of cases in Pennsylvania state courts and this district where plaintiffs sought to recover overtime pay under the PMWA. See, e.g., Daily v. Progressive Corp., 2003 WL 22794689, at *4 (E.D. Pa. Nov. 12,

2003) ("Among its many protections for workers, the MWA declares that employees 'shall be paid for overtime at not less than one and one-half times' their regular rates. . .and it authorizes civil actions against noncompliant employers"); Gusdonovich v. Business Info. Co., 705 F. Supp. 262, 266 (W.D. Pa. 1987) (Pennsylvania Minimum Wage Act of 1968 provides a remedy for a salaried employee who was not paid overtime wages as required by the Act); Sanders v. Loomis Armored, Inc., 614 A.2d 320, 324 (Pa. Super. 1992) (employees could maintain class action for overtime pay under Pennsylvania Minimum Wage Act), appeal denied, 634 A.2d 224 (Pa. 1993). I further do not read section 13 of the PMWA as precluding a private right of action for unpaid overtime.[3] Accordingly, I find that Defendant has not met its burden of demonstrating that Plaintiffs failed to state a claim for overtime pay under the PMWA.[4]

## B. Common Law Claims

Defendant also argues that Plaintiffs' common law claims for unjust enrichment and quantum meruit are preempted by the FLSA's statutory scheme. (Def. Mem. at 12-13.) Defendant's argument relies, once again, on the existence of the Connecticut and New Jersey FLSA actions, to which Plaintiffs are not parties, and once again, I find Defendant's reliance

---

[3] Section 13 of the PMWA provides, in relevant part, that "[i]f any employee is paid by his or her employer less than the minimum wages provided by section 4 of this act or by any regulation issued thereunder, such worker may recover in a civil action the full amount of such minimum wage less any amount actually paid to the worker by the employer, together with costs and such reasonable attorney's fees as may be allowed by the court. . . ." 43 Pa.C.S.A. § 333.113 (West 2008).

[4] Defendant further seems to argue that Plaintiffs have not adequately pleaded a claim for failure to pay minimum wages, (Def. Mem. at 11), but do not seek dismissal of Plaintiffs' claims for minimum wages on this basis. In any event, after reviewing the Complaint, I find that Plaintiffs have set forth a claim for minimum wages in accordance with Fed.R.Civ.P. 8(a). (See, Complaint [Docket No. 1], at ¶¶ 3, 7, 42(e), 48.)

14

misplaced.

The case law cited by Defendant is inapposite. All three of the cases involve plaintiffs who have asserted both FLSA and state common law claims seeking the same relief, and two of the cases do not even apply Pennsylvania law. See Preobrazhenskaya v. Mercy Hall Infirmary, 2003 WL 21877711 (3d Cir. July 30, 2003) (asserting claims for retaliatory discharge under the FLSA and state common law claims), cert. denied, 540 U.S. 1150 (2004); Lopez v. Flight Svcs. & Sys., Inc., 2008 WL 203028 (W.D.N.Y. Jan. 23, 2008) (asserting claims under the FLSA, New York Labor Law and New York common law); Nimmons v. RBC Ins. Holdings (USA) Inc., 2007 WL 4571179 (D.S.C. Dec. 27, 2007) (asserting claims for overtime under the FLSA and North Carolina statutory and common law). The Third Circuit's decision in Preobrazhenskaya merely holds that "Pennsylvania law does not recognize a common law cause of action for violating public policy when there is a statutory remedy." 2003 WL 21877711, at *4.

Here, Plaintiffs have only asserted claims under the PMWA. Defendant has not presented a single case law holding that the PMWA preempts common law claims for unjust enrichment and/or quantum meruit. Indeed, it appears that at least one Pennsylvania court has certified class claims for both violation of the PMWA and unjust enrichment. See Braun v. Wal-Mart Stores, Inc. 2005 WL 2623389, at *1 (Pa. Com. Pl. Dec. 27, 2005). Accordingly, I deny Defendant's motion to dismiss Plaintiffs' common law claims for unjust enrichment and quantum meruit.

## Conclusion

Based on the foregoing, Defendant's motion to strike class allegations and motion to dismiss Plaintiffs' state law claims for overtime, unjust enrichment and quantum meruit are denied in their entirety.

## ORDER OF COURT

Having carefully considered Defendants' motion to strike Plaintiff's class allegations and motion to dismiss Plaintiff's state law claims for overtime, unjust enrichment and quantum meruit [Docket No. 5], Plaintiffs' opposition thereto [Docket No. 13], and Defendant's reply [Docket No. 18], it is hereby ORDERED that

(1) Defendant's motions are DENIED; and it is further ORDERED that

(2) A case management conference is scheduled for October 14, 2008 at 11:00 a.m.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose,            9/29/08
Chief U.S. District Judge